**PEACOCK v. HARRISON et al.**

No. 9512.

Court of Civil Appeals of Texas. Austin.
July 18, 1945.

Rehearing Denied Aug. 4, 1945.

J. G. Horton, of Fort Worth, for appellant.

C. A. Wheeler and Wm. Yelderman, both of Austin, for appellees.

572

■■■■■■■■■■■■■■■■■■

... ... ... good first ... ...
... ... ... from two to four
the... ... ... interest ... ... or
eight per ... ... ... ..."

This ... ... ly a reaffirmation of
the original ... ... indicated a willing-
ness to ... ... ... ... which the offer
to purchase ... ... idenced by the con-
tract. It is not ... erted that the pro-
posed purchaser ... ... ady, able and willing
to carry out his ... ... ...

[5] It is ... ... that the trial court
erred in ... ... appellees' motion for an
instance ... ... ... ... ... it did not, as re-
quired by ... ... Texas Rules of Civil
Procedure ... ... ... the specific grounds
there ... ... ... particularly Wright v.
Carey, ... ... ... 169 S.W.2d 749; and
the d... ... ... ... ... App., 180 S.W.2d
4... ... ... ... ... ... ... the motion was
overruled. If it is ... ceded that the mo-
tion is ... ... ... ... ... ective in this regard
... ... that the ... ... ... could have over-
ruled ... ... ... if, as we think the
... ... ... ... ... ... ... ... ees, under the ev-
... ... ... ... ... ... ... a judgment in their
fa... ... ... ... ... ... l w, and such judg-
ment ... ... ... ... ... ... ... court could prop-
erly ha... ... ... ... ... ... error was obviously
h... l...

[6] It ... ... contended that the court
er... ... ... ... ... ... erred in the attach-
ment pro... ... ... ... the appellant, since
it ... ... ... ... ... ... property in question
wa... ... ... ... ... ... stead of appellant
... ... ... ... ... ... thereon by appel-
... ... ... ... ... ... motion of appellees,
... ... ... ... ... the trial court erred
in ... ... ... ... ... motion for a hear-
ing appel... ... ... ... of this, called ap-
to the ... ... ... ... ation, and sought to
hav... ... ... ... ... against appellees.
The ... ... ... ... ... ... overruled his mo-
tion ... ... ... ... ... against appellant.
This ... ... ... ... ... on so far as the costs
incur... ... ... ... ... nt proceeding were
concer... ...

[5, 6] It ... ... ontended that it was
error to ... ... ... ... nce the contract of
purchase ... ... ... ... not signed by ap-
pellant ... ... ... ... him, but only by the
pur chaser ... ... ... ... as agent. This
contention ... ... ... ... hed. This is not a
suit to enf... ... ... ... ract nor for dam-
ages for breach... ... When appellant in
writing made ... ... ... ees as his agent to
sell said pro... ... ... ... terms used, he

... ms of the requirements of Sec. 22 of Art.
6573a, ... son's Ann.Civ.St., that to entitle
a b... to ... commission an agreement to
purchase must be in writing, there was
... ... ... logical, if not express, authori-
ty ... ... ... it, to execute such a binding
contract. Obviously such written contract
... ... best evidence on the controlling is-
sue in this case,—whether the broker had
produced a purchaser for the property with-
in the terms of the listing. It is not con-
troverted that the proposed purchaser was
ready, able and willing to perform it. To
hold that the broker's right to a commission
depended upon the signature by the owner
of a contract of contract, would enable the
owner to defeat that right by a refusal to
sign it. The authority granted in writing
by the owner to the broker to sell property
on the terms specified, clearly carries with
it the authority in the broker to execute on
his behalf a contract necessary to the exer-
cise by the broker of the authority granted.

[7] Nor is the action here in violation
of the provisions of Sec. 22, Art. 6573a,
Vernon's Ann.Civ.St. The agreement in
writing contemplated in that statute was ev-
ide... It was the written authority giv-
by appellant to appellees to sell the prop-
erty and to net the owner $6200; the serv-
ices of the appellees in accordance there-
with and the written agreement of Salem
... ... to purchase said property on terms
which would net appellant the $6200, exclu-
sive of commissions. It was not necessary
that these essentials be embodied in a
single written contract. 10 Tex.Jur., § 27,
to 7-8 Tex.Jur., § 100, p. 308, and cases
... ... The essential elements of appellees'
cause of action were thus established with-
out ... written evidence, thus complying
with ... ... of the real estate deal-
ers act.

[8, 9] The only other contention which
we deem it necessary to discuss is that the
court erred in excluding as evidence three
letters written by appellant to appellees
from Arlington, Virginia, dated May 9,
May ... and May 26, 1944. There was no
error in... Without detailing the con-
tents of... ... ... they clearly show that
information received by appellant from par-
ties in... ... ... subsequent to his letter of
April ... ... ... to sell for $6200 net, had
led ... to believe he could sell his
pr... ... ... her price. None of the
... ... ... to revoke the offer of
... ... ... ...; but even if they

had, an offer cannot be revoked after it has been accepted. While revocation of an offer may be made at any time up to time of acceptance, such revocation must be communicated to the one to whom the offer is made; and if sent by mail is not effective until actually received by the offeree. Since, in the instant case, the offer of April 28 was accepted on May 9 by written contract, and appellant notified by telegram of that date of such acceptance, the contract became effective as of that date; and letters written subsequent thereto would not be admissible to modify it, contradict its terms, or show a different intent from that stated without ambiguity in the original offer. See 17 C.J.S., Contracts, § 52, p. 401.

The judgment of the trial court, except that portion taxing against appellant the costs incurred in connection with wrongfully suing out the writ of attachment, is affirmed; and the costs in the trial court of the writ of attachment and the costs of this appeal are taxed against appellees.

Affirmed in part and in part reversed and rendered.